MEYER L. MEYER. PLAINTIFF AND APPELLEE, v. PUBLIC
    SERVICE   RAILWAY   COMPANY,   DEFENDANT   AND
    APPELLANT.

Submitted December 4, 1913—Decided March 11, 1914.

It is the duty of a street railway company, through its servants in
    control of its cars, to exercise reasonable care to avoid collision
    with animals and vehicles near its tracks, and the company is
    liable for injuries resulting, if through the inattention or care-
    lessness of its servants a car collides with an animal or vehicle
    so near the track that the car could not pass without striking it.

On appeal from the District Court of the city of East
Orange.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Lefferts S. Hoffman, Leonard J. Tynan*
and *George H. Blake.*

For the appellee, *Charles Hood.*

The opinion of the court was delivered by

TRENCHARD, J.   This is the defendant's appeal from a
judgment for the plaintiff in a suit for damages caused by the
alleged negligence of the defendant.

It is contended that the trial judge erroneously refused to
nonsuit the plaintiff.

When the motion was made it was open to a jury to find
from the evidence, if they saw fit, the following matters of
fact:   The plaintiff's driver was in charge of the plaintiff's
horses and wagon and was performing his duties as a garbage
collector in East Orange.   The driver stopped his team on
Main street at a point between the curb and the trolley track
of the defendant company.   Shortly thereafter a trolley car
of the defendant, in charge of a motorman and a conductor,
came along and stopped beside the team.   It stopped there

because a horse had balked upon the track ahead of the car. The motorman left his car and went out on the track, fifty feet ahead of the car, to assist in removing the balky horse. After the horse had been removed, and without waiting for the motorman to return, the conductor turned on the power and ran the car to the point where the motorman was standing. At the time the car started the intervening space between plaintiff's team and the car was about two inches. The fender on the rear of the car was in an upright position. As the rear of the car passed the horses the fender caught in the cross-pole, or the harness, near the horses' heads, and the team was dragged some distance and was injured.

It was urged at the trial, and is here argued, that such state of the proofs did not justify an inference of negligence upon the part of the defendant, and that, therefore, the nonsuit should have been granted.

But we cannot yield to that contention.

It is the duty of a street railroad company, through its servants in control of its cars, to exercise reasonable care to avoid collision with animals and vehicles near its tracks, and the company is liable for the injuries resulting, if, through the inattention or carelessness of its servants a car collides with an animal or vehicle so near the track that the car could not pass without striking it. 36 *Cyc.* 1505.

We think that the question whether the conduct of the conductor, in leaving his ordinary position on the car, applying the power and starting the car in the absence of the motorman, was the exercise of reasonable care to avoid a collision with the plaintiff's team in the circumstances, was at least a question about which fair-minded men might honestly differ, and hence the nonsuit was properly refused.

This disposes of the only question argued meriting consideration.

The judgment below will be affirmed, with costs.